IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LASSANDRA DAVIS-GOODWIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| ) | 1:11-cv-00767-JEC-RGV |
| v. ) | |
| ) | |
| INDYMAC MORTGAGE SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## BRIEF OF DEFENDANT ONEWEST BANK, FSB IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

NOW COMES Defendant OneWest Bank, FSB ("OneWest")[1] and, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests that the Court dismiss Plaintiff's claims against OneWest on the grounds that these claims all fail as a matter of law.

### I.   FACTUAL BACKGROUND

**A.   Procedural History**

On or about February 8, 2011, Plaintiff Lassandra Davis-Goodman filed a Complaint against Defendant in the Superior Court of Henry County, Georgia.[2]

---

[1] IndyMac Mortgage Services is a division of OneWest and is not a separate entity.

OneWest received a copy of the Complaint on or about February 14, 2011, and removed the case to this Court on March 11, 2011.

**B.      Plaintiff's Allegations**

Plaintiff, appearing *pro se*, alleges various violations of law in connection with the mortgage and foreclosure proceedings upon her property.[3] The Complaint purports to assert claims for alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.*, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* Plaintiff also purports to assert a state law claim for violation of O.C.G.A. §44-14-162(b), which requires that the security deed for real property be filed with the clerk of court prior to a foreclosure sale. (Complaint ¶¶ 8, 13, 16, 17, 21, 29.)

Plaintiff alleges that on or about October 3, 2005, she executed a Security Deed for the property located at 2201 McGarity Road, McDonough, Georgia 30252, in favor of IndyMac Bank, F.S.B. in the amount of $184,000.00.

---

[2] The Complaint is titled, "Petition to Set Aside Foreclosure and Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction."

[3] The Complaint appears to be a commercially available form complaint.  This Court has previously rejected similar claims filed by other *pro se* litigants using this form.  *See, e.g., Smith v. IndyMac Fed. Bank,* 2010 U.S. Dist. LEXIS 138362 (N.D. Ga. Sept. 28, 2010), *adopted at* 2010 U.S. Dist. LEXIS 138372 (N.D. Ga. Dec. 30, 2010).

(Complaint ¶ 4.) She alleges that to the best of her knowledge and belief, the loan "had continually been with INDYMAC," and Plaintiff's contact information had remained the same. (Complaint ¶ 7.) Plaintiff alleges that the foreclosure violates O.C.G.A. §44-14-162(b) (*Id.* ¶¶ 13, 21, 22), and that "To Plaintiff's knowledge and belief, there is no Note on the Official Record to secure the above referenced Security Deed." (*Id.* ¶ 22.) Plaintiff seeks injunctive relief "to prevent the sale of Plaintiff's property." (*Id.* Conclusion and Prayer for Relief.)[4]

## II.  ARGUMENT AND CITATION OF AUTHORITY

The claims asserted in Plaintiff's Complaint all fail as a matter of law. While Plaintiff asserts that "Defendants" violated the FDCPA and RESPA, she has not stated facts sufficient to make out a *prima facie* case against OneWest under either statute. To the extent Plaintiff seeks recovery against OneWest under O.C.G.A. §44-14-162(b), this claim also fails because Plaintiff has not alleged facts giving rise to a cognizable claim under this provision.

### A.  The Standard for a Motion to Dismiss

To avoid dismissal based on Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

---

[4]Plaintiff alleges that the foreclosure sale occurred on February 1, 2008. (Complaint ¶ 15.)

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 129 S. Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and are "not entitled to the assumption of truth."). Rather, plaintiffs are obligated to make factual allegations which are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put simply, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

A plaintiff must provide "'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005) (quoting *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003)). Rule 8 "does not unlock the doors . . . for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. Instead, complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Complaints filed by *pro se* litigants must be liberally construed. *Strickland v. A Mortgage Co. (In re Strickland)*, 179 B.R. 979, 980 (Bankr. N.D. Ga. 1995). However, *pro se* claimants have "'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (*quoting Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).  "[E]ven in *pro se* cases, the Court is not permitted to serve as *de facto* counsel to a party or to rewrite an otherwise deficient pleading." *Standifer v. SEC*, 542 F. Supp. 2d 1312, 1316 (N.D. Ga. 2008).

Here, Plaintiff's Complaint does not provide fair notice of her claims and the grounds upon which they rest, and fails to meet the pleading standards set forth in *Iqbal* and *Twombly*. To the extent Plaintiff's claims can be discerned, they are unsupported by the facts alleged or applicable law.

**B.     Plaintiff Has Failed to State a Claim Against OneWest Under RESPA or FDCPA.**

   **1.     Plaintiff Has Not Stated a RESPA Claim Against OneWest.**

Plaintiff's RESPA claim is stated as follows:

Plaintiff has been denied actual knowledge in violation of state, federal statutes, and FDCPA and RESPA, of the holder of the note at present, and failure to disclose to Plaintiff whether or not INDYMAC has transferred the note to a different division within INDYMAC.

(Complaint ¶ 8.)  Plaintiff further alleges:

> These Defendants have knowingly, willingly, wantonly, fraudulently and illegally sold Plaintiff's property by Sale under Power in direct violation of The Real Estate Settlement Procedures Act.

(Complaint ¶ 18.)  As a matter of law, these allegations are insufficient to state a RESPA claim.[5]

In *Smith v. IndyMac Fed. Bank*, 2010 U.S. Dist. LEXIS 138362 (N.D. Ga. Sept. 28, 2010), *adopted at* 2010 U.S. Dist. LEXIS 138372 (N.D. Ga. Dec. 30, 2010), this Court rejected the same RESPA claims asserted by another *pro se* litigant.  In *Smith*, the plaintiff also claimed that she "has been denied actual knowledge in violation of state, federal statutes, and FDCPA and RESPA, of the holder of the note at present," and "Defendants have knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation of RESPA."  (*Id.* at *6.)  In his Report and Recommendation, Magistrate Judge Hagy explained that plaintiff had not stated a RESPA claim because she failed to explain what the defendant did to "deny her actual knowledge" of something, and failed to explain how the "denial of actual knowledge" was a RESPA violation.  (*Id.* at *16.)  Moreover, the plaintiff failed to

---

[5] Injunctive relief is not an available remedy under RESPA.  *Watkins v. Ben., HSBC Mortg.,* 2010 U.S. Dist. LEXIS 112857, *14 (N.D. Ga. Sept. 1, 2010), *adopted at* 2010 U.S. Dist. LEXIS 112848 (N.D. Ga. Oct. 21, 2010).

~#4848-7890-1256 v.1~

allege that the defendant took any particular action against her that violated RESPA, and failed to identify any particular section of RESPA that she contended was violated. (*Id.*) Likewise in this case, Plaintiff has failed to allege facts sufficient to show what OneWest did to "deny her actual knowledge," how this alleged denial violated RESPA, any other action OneWest took that violated RESPA, or what section of RESPA was allegedly violated. Accordingly, Plaintiff's RESPA claim should be dismissed.

### 2. Plaintiff Has Not Stated an FDCPA Claim Against OneWest.

Plaintiff claims that the "denial of knowledge" alleged above also violates the FDCPA (Complaint ¶ 8); that "Defendants' actions violate Plaintiff's Rights to make requests under The Fair Debt Collection Practices Act" (*Id.* ¶ 16); and that "Defendants knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation of the Fair Debt Collection Practices Act." (*Id.* ¶ 17.) None of these allegations set forth a viable FDCPA claim.[6]

---

[6] Injunctive relief is also not available under the FDCPA. *Nicholson v. OneWest Bank,* 2010 U.S. Dist. LEXIS 45993, *7 (N.D. Ga. Apr. 20, 2010), *adopted at* 2010 U.S. Dist. LEXIS 78704 (N.D. Ga. June 7, 2010); *Watkins v. Ben., HSBC Mortg.*, 2010 U.S. Dist. LEXIS 112857, *10 (N.D. Ga. Sept. 1, 2010); *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830, 834 (11th Cir. 1982).

7

~#4848-7890-1256 v.1~

The FDCPA "applies only to debt collectors and not to creditors or mortgage servicers."  *Humphrey v. Wash. Mut. Bank, F.A.*, 2007 U.S. Dist. LEXIS 40279, *4 (N.D. Ga. June 1, 2007).  The FDCPA defines a "debt collector" as:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(4).  As this Court noted in *Smith v. IndyMac Fed. Bank*:

> In order to state a claim under the FDCPA, Plaintiff must allege sufficient facts to assert a plausible claim that the Defendant . . . is a debt collector and that it engaged in some act prohibited by the FDCPA, or failed to disclose information required by the FDCPA, in attempting to collect from Plaintiff on her consumer debt. . . . It is well established that the FDCPA applies only to "debt collectors" and not to creditors or mortgage servicers.  15 U.S.C. §1692a(6).  Thus, Defendants are not "debt collectors" under the FDCPA because the allegations of the Complaint indicate that they were attempting to collect their own debt from Plaintiffs.

2010 U.S. Dist. LEXIS 138362 at *15.  Plaintiff here has failed to allege that OneWest is a "debt collector" or that OneWest engaged in any act that the FDCPA prohibits.  Plaintiff's FDCPA claim should also be dismissed.

### C.     Plaintiff's Claim Under O.C.G.A. §44-14-162(b) Also Fails.

Plaintiff also alleges that the foreclosure of the subject property violates O.C.G.A. §44-14-162(b), which requires that the security deed for real property be filed with the clerk of court prior to a foreclosure sale.[7] Plaintiff alleges that:

> To Plaintiff's knowledge and belief, there is no Note on the Official Record to secure the above referenced Security Deed.

(Complaint ¶ 22.) This Court rejected the same allegation in *Smith v. IndyMac Fed. Bank, supra*. In *Smith*, this Court noted that the Plaintiff alleged in the Complaint that she had executed a Security Deed for the property in favor of IndyMac, and that the Security Deed was "duly recorded in Fayette County, Georgia records." 2010 U.S. Dist. LEXIS 138362 at *18. Likewise in this case, Plaintiff alleged that she executed a Security Deed in favor of IndyMac Bank, FSB, and that the deed was duly recorded in the Henry County, Georgia records. (Complaint ¶¶ 4, 5.) Plaintiff seems to be claiming that the Note was not recorded, but the statute does not require this. O.C.G.A. §44-14-162(b) requires only that the

---

[7] O.C.G.A. §44-14-162(b) provides:

> The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located.

9

"security instrument or assignment thereof vesting the secured creditor with title to the security instrument" be filed prior to the foreclosure sale. Plaintiff has thus not alleged facts that would give rise to a claim under O.C.G.A. §44-14-162(b).

### D. Plaintiff's Claim for Injunctive Relief Fails Because She Has Not Made a Tender.

As noted above, neither RESPA nor the FDCPA provide for the remedy of injunctive relief. Plaintiff's request for injunctive relief also fails because Plaintiff has not tendered the amount of her debt into court. Under Georgia law, a debtor who seeks to enjoin a foreclosure must first make the payments due or tender the amount admittedly owed to the creditor. *See, e.g.*, *Wright v. Intercounty Properties, Ltd.*, 238 Ga. 492, 493, 233 S.E.2d 160, 161 (1977). Plaintiff's request for injunctive relief cannot be granted because she has failed to do either. Plaintiff admits that she executed a Security Deed on the McGarity Road property on October 3, 2005. (Complaint ¶ 4.) Plaintiff does not deny that she has defaulted on her loan payments and does not allege that she has tendered the payoff amount.

A long line of Georgia cases hold that "a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Wright v. Intercounty Properties, Ltd.*, 238 Ga. 492, 493, 233 S.E.2d 160, 161 (1977); *Brevard Federal Sav. & Loan Ass'n v. Ford Mountain*

*Inv.*, 261 Ga. 619, 620-21, 409 S.E.2d 36, 38-39 (1991) (borrower not entitled to equitable relief enjoining foreclosure because he failed to make payments on loan); *Holcomb v. Approved Bancredit Corp.*, 225 Ga. 271, 167 S.E.2d 655 (1969) (affirming dismissal of suit to enjoin foreclosure sale where petition failed to allege payment or tender of amounts due on security deeds, but merely requested accounting of amounts due); *R.R.R. Ltd. Partnership v. Recreational Servs.*, 264 Ga. 494, 448 S.E.2d 211 (1994) (trial court erred in enjoining foreclosure without requiring plaintiff to tender principal amount of loan); *Mickel v. Pickett*, 241 Ga. 528, 537, 247 S.E.2d 82, 88-89 (1978) (tender of amounts admittedly due is required to enjoin foreclosure even if plaintiff alleges that lender has breached an independent covenant in contract). *See Nicholson v. OneWest Bank*, 2010 U.S. Dist. LEXIS 45993, *17 (N.D. Ga. Apr. 20, 2010) ("Plaintiff cannot enjoin the upcoming May foreclosure sale because she has not paid the full amount due to bring the note current. Under Georgia law, 'a borrower who has executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due.'").

Likewise in this case, Plaintiff's failure to make loan payments or tender the amount admittedly due is fatal to her request for injunctive relief. *See Watkins v. Ben., HSBC Mortg.*, 2010 U.S. Dist. LEXIS 112857, *18 (N.D. Ga. Sept. 1, 2010)

11

("to seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan"); *Taylor v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 118322, **14-15 (N.D. Ga. Jan. 2, 2009) (plaintiff who failed to tender the full amount of loan or any portion thereof lacked standing to bring an action to enjoin a foreclosure sale), *adopted at* 2009 U.S. Dist. LEXIS 7963 (N.D. Ga. Jan. 29, 2009).

### III.   CONCLUSION

For the foregoing reasons, OneWest respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted this 14th day of March, 2011.

    s/ Michelle W. Johnson
Gregory M. Taube
Georgia Bar No. 699166
Michelle W. Johnson
Georgia Bar No. 759611

Attorneys for OneWest Bank, FSB

NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street/ 17th Floor
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (fax)

## **CERTIFICATE OF COMPLIANCE AS TO FONT SIZE**

The undersigned counsel certifies that the foregoing pleading has been prepared with Times New Roman 14 point font, which is one of the fonts and point selections approved by the Court in Local Rule 5.1.

                                              s/ Michelle W. Johnson
                                              Michelle W. Johnson
                                              Georgia Bar No. 759611

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing *Brief of Defendant OneWest Bank, FSB in Support of Its Motion to Dismiss Complaint* by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

> Ms. Lassandra Davis-Goodwin
> 2201 McGarity Road
> McDonough, GA 30252

I further certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification via e-mail to all attorneys of record.

This 14th day of March, 2011 .

> s/ Michelle W. Johnson
> Michelle W. Johnson
> Georgia Bar No. 759611